UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES KIRBY,

    Plaintiff,

-vs-　　　　　　　　　　　　　　　　　　　　　　　Case No. 09-14208
　　　　　　　　　　　　　　　　　　　　　　　　　HON. AVERN COHN
COMMISSIONER OF SOCIAL SECURITY,

    Defendant,
_____/

**MEMORANDUM AND ORDER ADOPTING
THE MAGISTRATE JUDGE'S  REPORT AND RECOMMENDATION
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I. Introduction**

This is a Social Security case.  Plaintiff James Kirby (Kirby) appeals from the final decision of the Commissioner of Social Security (Commissioner) denying his application for disability benefits.  Kirby claims disability since October 24, 2004, due to severe degenerative disc disease, obesity, learning disability, depression, and hypertension.

The parties filed cross motions for summary judgment, which were referred to a Magistrate Judge (MJ) for a report and recommendation (MJRR).  The MJ recommended that Kirby's motion for summary judgment be denied and the Commissioner's decision be upheld.  Kirby filed timely objections to the MJRR.

Ordinarily the Court would schedule this matter for a hearing.  However, the parties have requested that the Court rule on the briefs without oral arguments.  See E.D. Mich. LR 7.1 (f)(2).  For  the reasons that follow, the Court adopts the MJRR.  The Commissioner's motion will be granted.  Kirby's motion will be denied.  The case will be

dismissed.

## II. Background

### A.

The MJRR sets forth the facts which are summarized here. On December 5, 2006, Kirby, 30 years old, filed a claim for disability benefits after becoming unable to work as a hi-lo driver, material handler, and cleaner due to severe degenerative disc disease, learning disability, obesity, depression, and hypertension. On February 21, 2007, the Commissioner denied the claim. Kirby then requested review before an Administrative Law Judge (ALJ) who found that he was not disabled. Particularly, the ALJ said that Kirby was able to perform the job duties of a sorter, bench assembler, or surveillance system monitor. Kirby appealed the ALJ's decision. On September 23, 2009, the Appeals Council denied his request for review.

Kirby brought this action seeking judicial review. He argued that the ALJ's hypothetical to the vocational expert (VE), which asked the VE about the existence of jobs for a person who was unable to "maintain concentration for extended periods as well as to carry out detailed instructions because of pain and depression," was flawed because it did not fully describe Kirby's mental impairments. The MJ rejected Kirby's assertions and found that there was substantial evidence on the record to support the ALJ's decision.

### B.

Kirby now objects to the MJRR on the same ground. He maintains that the hypothetical question posed to the VE was flawed because by not including the length of time Kirby was able to maintain concentration it did not sufficiently describe Kirby's

limitations. Accordingly, Kirby argues that the MJ's decision should be reversed and remanded for additional testimony.

### III. Standard of Review

Judicial review of a Social Security disability benefits application is limited to determining whether "the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997). A reviewing court may not resolve conflicts in the evidence or decide questions of credibility. Brainard v. Sec'y of HSS, 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). It is "more than a scintilla but less than a preponderance." Consol. Edison Co. v. NLRB, 305 U.S. 197, 299 (1938). The substantiality of the evidence must be based upon the record taken as a whole. Futernick v. Richardson, 484 F.2d 647, 649 (6th Cir. 1973). The substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference with the courts." Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). The portions of the MJRR that the claimant finds objectionable are reviewed de novo. 28 U.S.C. § 636(b)(1)(c); Smith v. Detroit Fed'n of Teachers, Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

Further, "'[s]ubstantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only if the question accurately portrays plaintiff's individual physical and mental impairments.'" White v. Astrue,

3

No. 07-13489, 2008 WL 2780658, at *9 (E.D. Mich. July 16, 2008) (citing Varley v. Sec'y of HHS 820 F.2d 777, 779 (6th Cir. 1987).  However, the ALJ is not required to incorporate unsubstantiated complaints into hypotheticals.  White at *9 (citing Stanley v. Sec'y of HHS, 39 F.3d 115, 118-119 (6th Cir. 1994); Hardaway v. Sec'y of HHS, 823 F.2d 922, 927-28 (6th Cir. 1987)).

### IV. Discussion

#### A.

Kirby objects to the MJRR on one ground, a flawed hypothetical.  In support, he relies on Ealy v. Comm'r of Soc. Sec., 594 F.3d 504 (6th Cir. 2010), in which the Sixth Circuit reversed a district court's decision upholding a denial of social security disability benefits because an ALJ's hypothetical that described a plaintiff who had difficulty sustaining attention as limited to "simple, repetitive tasks" did not present a fair summary of the plaintiff's limitations.  Id. at 516-17.  Particularly, the appeals court held that "[t]he hypothetical posed by the ALJ should have included the restriction that Ealy could work two-hour work segments during an eight-hour work day, and that speed of his performance could not be critical to his job."  Id. at 516 ("[i]n order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments").  Thus, like the hypothetical in Ealy, Kirby argues that the hypothetical here should have included the length of time that he is able to concentrate in order to more accurately describe his concentration limitations.

#### B.

The Commissioner, on the other hand, relies on White v. Astrue, supra, in which the

4

district court upheld a denial of disability benefits when an ALJ's hypothetical portrayed a plaintiff's concentration difficulty as a limitation requiring "simple repetitive type work," but also described the plaintiff's mental impairment and inability to "maintain attention and concentration." Id. at *10. Similar to White, and distinguishable from Ealy, the Commissioner argues that the hypothetical question here accurately portrays Kirby's concentration limitations because, not only did it portray Kirby as limited to simple repetitive tasks, it also portrayed him as limited due to his difficulty maintaining concentration. Thus, the Commissioner says her decision to deny disability benefits should be upheld.

C.

The ALJ informed the VE of Kirby's concentration limitations, as described above. Thus, because the hypothetical accurately portrayed Kirby's mental impairments, the Court agrees that the Commissioner's decision to deny disability benefits was based on substantial evidence.

### V. Conclusion

For the reasons above, Kirby's motion for summary judgment is DENIED and the Commissioner's motion for summary judgment is GRANTED. The case is DISMISSED.

SO ORDERED.

Dated: March 3, 2011        s/Avern Cohn
                            AVERN COHN
                            UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 3, 2011, by electronic and/or ordinary mail.

                             s/Julie Owens
                             Case Manager, (313) 234-5160